UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN ROGERS

VERSUS

BURL CAIN, ET AL

CIVIL ACTION

NO. 05-818-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 6, 2017.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN ROGERS

VERSUS

BURL CAIN, ET AL

CIVIL ACTION

NO. 05-818-JJB-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is petitioner's "Application for Rule 60(b) Motion" (R. Doc. 10).[1] On November 22, 2005, the petitioner's Petition for Writ of Habeas Corpus was dismissed, with prejudice, as untimely. *See* R. Docs. 7 and 8. The petitioner now invokes the recent United States Supreme Court decisions of *Martinez v. Ryan*, 566 U.S. 1309 (2012) and *Trevino v. Thaler*, __ U.S. __, 133 S.Ct. 1911 (2013), and contends that the Court should excuse the untimeliness of his federal habeas corpus application, reopen this matter, and consider the merits of his habeas claims.

In *Martinez v. Ryan*, the Court held that a state-imposed procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of counsel at trial if there was no counsel in the collateral proceeding or if said counsel was ineffective. 132 S.Ct. 1309, 1321 (2012). "However, *Martinez* does not address nor provide any remedy when a habeas corpus petition is untimely filed." *Shank v. Cain*, 2016 WL 4473193 (E.D. La. Aug. 24, 2016), *citing Martinez v. Ryan, supra*. Nor does *Trevino v. Thaler*. *Id.* Specifically, "*Martinez* and *Trevino* do not provide a basis for reviewing the merits of an untimely filed federal habeas petition, even if it includes an ineffective assistance of counsel claim." *Id.* *See also, e.g., Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) (holding that "the *Martinez* rule explicitly relates

---

[1] The petitioner relies upon Federal Rule of Civil Procedure 60(b)(6) which provides in pertinent part, "On a motion and just terms, the court may relieve a party…from a final judgment…for…any other reason that justifies relief."

to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period."); *Green v. Cain*, 2015 WL 5060608 (E.D. La. Aug. 25, 2015) ("The equitable ruling in *Martinez* did not encompass, much less excuse, the untimely filing of a federal habeas petition"); *Reynolds v. Stephens*, 2014 WL 2575752 (N.D. Tex. June 9, 2014) (concluding that *Martinez* and *Trevino* address procedural default rather than the limitations period and do not support a petitioner's claim for equitable tolling); *Smith v. Rogers*, 2014 WL 2972884 (W.D. La. July 2, 2014) (same); *Falls v. Cain*, 2014 WL 2702380, at *3 (E.D. La. June 13, 2014) (same). Accordingly, *Martinez* and *Trevino* provide no support for the petitioner's Motion (R. Doc. 10), and the Court finds no other factors which would justify the relief requested.

## RECOMMENDATION

It is the recommendation of the Magistrate Judge that the petitioner's Motion (R. Doc. 10) be denied.

Signed in Baton Rouge, Louisiana, on April 6, 2017.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**